WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Hans Martinez Yee,<br><br>    Petitioner,<br><br>v.<br><br>United States of America,<br><br>    Respondent. | No. CV-21-00295-TUC-JGZ<br>No. CR-19-02045-TUC-JGZ<br><br>**ORDER** |

Pending before the Court is Petitioner Hans Martinez Yee's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. (CV Doc. 1.)[1] Petitioner argues that his sentence was imposed in violation of the Sixth Amendment because his counsel was ineffective. (*Id.*) The Government filed a response to the Motion. (CV Doc. 6.) Petitioner did not file a reply.

Upon consideration of the record and the parties' briefing, the Court will deny the § 2255 Motion.

**I.   Section 2255 Standard**

Under 28 U.S.C. § 2255, a prisoner may move the sentencing court to vacate, set aside, or correct a sentence if the sentence was imposed in violation of the United States Constitution or laws of the United States, was in excess of the maximum authorized by

---

[1] Citations to "CV Doc." refer to the docket entries in the civil case, CV 21-00295-TUC-JGZ. Citations to "CR Doc." refer to the underlying criminal case, CR 19-02045-TUC-JGZ.

law, is otherwise subject to collateral attack, or if the sentencing court was without jurisdiction. 28 U.S.C. § 2255(a). A petitioner is entitled to an evidentiary hearing on a § 2255 motion "unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." *Id.* § 2255(b); *see also United States v. Leonti*, 326 F.3d 1111, 1116 (9th Cir. 2003) (stating that summary dismissal is warranted if petitioner's allegations are "palpably incredible or patently frivolous"). Further, Rule 4(b) of the Rules Governing Section 2255 Proceedings provides, in relevant part, that "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party."

## II. Discussion

In his Motion, Petitioner argues that his counsel was ineffective in failing to fully apprise him (1) of the consequences of waiving his right to appeal, and (2) that his guilty plea would expose him to deportation after his term of imprisonment. (*Id.*)

The Motion and the files and records of the case conclusively show that Petitioner is not entitled to relief. First, the Motion is untimely. *See* 28 U.S.C. § 2255(f) (setting forth a one-year period of limitation). Petitioner's conviction became final on November 6, 2019, 14 days after the Judgement issued. (CR Doc. 37; *see United States v. Schwartz*, 274 F.3d 1220, 1223 (9th Cir. 2001) (judgment final on expiration of time to appeal).) The one-year deadline for his 2255 motion expired on November 6, 2020. Petition filed his Motion on July 26, 2021. (CV Doc. 1.)

Second, Petitioner's Sixth Amendment claims lack merit. The record clearly demonstrates that counsel's performance was not deficient and that Petitioner was not prejudiced by any alleged deficiency. *See Strickland v. Washington*, 466 U.S. 668, 687 (to prove ineffective assistance of counsel, a defendant must demonstrate: (1) that counsel's performance was deficient; and (2) the deficient performance prejudiced the defense). Here, the record is replete with evidence that Petitioner was repeatedly advised, by counsel, the Magistrate Judge, the Probation Officer who prepared the Presentence Investigation

Report, and the District Court, that he was waiving his right of appeal (whether direct or collateral), and that he would likely be deported if he pled guilty pursuant to the plea agreement. (CR Doc. 26 at 3-4, 6, 7; Doc. 42 at 8; CR Doc. 33 at ¶ 39-40; CR Doc. 34 at 6; CR Doc. 40 at 3-4, 13, 15, 16.) Thus, counsel's performance was not deficient. In addition, Petitioner was not prejudiced. To prove prejudice, Petitioner must "show there is a reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. Here, there is no reasonable probability that Petitioner would not have pled guilty had he been fully advised of his appeal rights and immigration consequences. The record shows Petitioner did plead guilty after receiving such advisements.

### III. Certificate of Appealability

Before Petitioner can appeal this Court's judgment, a certificate of appealability (COA) must issue. *See* 28 U.S.C. §2253(c); Fed. R. App. P. 22(b)(1); Rule 11(a) of the Rules Governing Section 2255 Cases. "The district court must issue or deny a certification of appealability when it enters a final order adverse to the applicant." Rule 11(a) of the Rules Governing Section 2255 Cases. Pursuant to 28 U.S.C. § 2253(c)(2), a COA may issue only when the petitioner "has made a substantial showing of the denial of a constitutional right." The court must indicate which specific issues satisfy this showing. *See* 28 U.S.C. § 2253(c)(3). With respect to claims rejected on the merits, a petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). For procedural rulings, a COA will issue only if reasonable jurists could debate whether the petition states a valid claim of the denial of a constitutional right and whether the court's procedural ruling was correct. *Id.* Applying these standards, the Court concludes that a certificate should not issue, as the resolution of the petition is not debatable among reasonable jurists.

//

//

## IV. Conclusion

For the foregoing reasons,

**IT IS ORDERED** Petitioner's Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Doc. 1) is **DENIED**, and the civil action opened in connection with this Motion (CV-21-00295-TUC-JGZ) is **DISMISSED** with prejudice. The Clerk of Court must enter judgment accordingly.

**IT IS FURTHER ORDERED** that a Certificate of Appealability is **DENIED**.

The Clerk of Court is directed to close its file in this action.

Dated this 27th day of December, 2021.

*[signature]*
Honorable Jennifer G. Zipps
United States District Judge